UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HIRAM VEGA, ) | |
| 2296 Sansbury Drive ) | |
| Chesapeake Beach, MD 20752 ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. _____ |
| ) | |
| ) | |
| HENRY M. PAULSON, JR., ) | |
| SECRETARY ) | JURY DEMAND |
| U.S. Department of Treasury ) | |
| 1500 Pennsylvania Avenue, NW ) | |
| Washington, D.C. 20220, ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |
| Serve: ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

I.  **INTRODUCTION**

1.  Plaintiff police officer, Corporal Hiram Vega ("Corporal Vega") brings this action for declaratory judgment, relief and monetary damages to redress the deprivation of rights he suffered, contrary to Title VII, commonly known as "The Civil Rights Act of 1964," 42 U.S.C. §§ 2000(e) *et seq.*, as amended (hereafter "Title VII"), at the hands of managers of the Defendant, U.S. Department of the Treasury ("Agency"), U.S. Bureau of Engraving and Printing Police ("BEP") which caused a debilitating hostile work environment, constitute discrimination under Title VII for race and national origin discrimination, and retaliation for his prior actions in participating in an Equal Employment Opportunity ("EEO") Complaint which was later discovered by his

1

supervisors.

Plaintiff requests a jury trial on each of these counts.

## II.   JURISDICTION AND VENUE

2. This Court has jurisdiction over Corporal Vega's claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§1331, 1343(4), and 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b). Venue is appropriate because the claims asserted arose in the District of Columbia, the Defendant Agency's headquarters is located in the District of Columbia, and most of the documents and records pertaining to this action are located in the District of Columbia.

## III.   JURY TRIAL DEMANDED

4. Plaintiff requests a jury trial on all issues pursuant to Fed. R. Civ. P. 38 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c)(1).

## IV.   PARTIES

### A.   Plaintiff Corporal Hiram Vega

5. Plaintiff, Corporal Hiram Vega is a male citizen of the United States who resides in Chesapeake Beach, Maryland. Plaintiff is a Hispanic-American and is originally from Puerto Rico.

6. Corporal Vega has been employed by the Agency since August, 2001 as a salaried employee with benefits, holding the rank of Corporal, Series 083, Grade TR 8 Step 5.

7. Corporal Vega was hired by Defendant's BEP Police Services Division, Office of Security as a police officer on or about August, 2001. Plaintiff was promoted to

2

Corporal in December, 2001, and remains employed by Defendant Agency.

8. Corporal Vega received a summary rating of "Exceeded Standards" in each of his annual Employee Performance Appraisals since joining the Agency in 2001.

9. Plaintiff's chain of command at the BEP Police Department is as follows: Officer, Corporal, Sergeant, Lieutenant, Captain, Commander, and Chief of Police.

**B.     Defendant Henry M. Paulson, Jr.**

10. Defendant Henry M. Paulson, Jr. is the Secretary of the Treasury and is sued in his official capacity, as provided by law, based on his executive responsibility for administering Agency personnel policies to ensure a working environment that is in compliance with state and federal law. During the relevant time period involving the events in this case the Agency employed over 100,000 employees.

11. The Agency's headquarters are located at 1500 Pennsylvania Avenue, NW Washington, D.C. 20220.

**V.    MANAGEMENT OFFICIALS INVOLVED IN DISCRIMINATION, CLAIMS OF HOSTILE WORK ENVIRONMENT AND RETALIATION**

**A.     Commander Christopher Cooch**

12. Commander Christopher Cooch ("Commander Cooch") is the head of the Defendant Agency's Police Operations Division and the Police Commander. Commander Cooch was the Plaintiff's Commander for all time periods relevant to this Complaint.

13. As Police Commander, Commander Cooch is responsible for all actions taken by the Agency's BEP Police Department. In this capacity, Commander Cooch's duties included oversight of the assignment of officers to shifts and posts, administering disciplinary action, and adjudicating leave requests.

3

### B. Sergeant Gerald Fields

14. Sergeant Gerald Fields ("Sergeant Fields") is a senior officer and member of management for the Defendant Agency and served as Corporal Vega's first line supervisor in 2007.

### C. Sergeant Marco Plumacher

15. Sergeant Marco Plumacher ("Sergeant Plumacher") is a senior officer and member of management for the Defendant Agency. Sergeant Plumacher served as an operations Sergeant overseeing between thirty and thirty-five officers in April, 2007.

## VI. ADMINISTRATIVE EXHAUSTION

16. Corporal Vega has satisfied all administrative prerequisites for filing suit under Title VII. On March 26, 2007, Corporal Vega requested counseling in regards to the filing of a formal complaint of discrimination with the Agency's EEO office. Corporal Vega's intake interview with EEO Counselor Andre Faulk occurred thereafter on April 2, 2007.

17. On April 18, 2007, EEO Counselor Faulk informed Corporal Vega that Commander Cooch had refused to cooperate in the matter and accordingly, Corporal Vega then received a Notice of Right to File Formal Complaint of Discrimination

18. Subsequently, on May 3, 2007, Corporal Vega timely filed a Formal Complaint of Discrimination (Treasury Department Case No. BEP 07-0494-7) with the Agency's EEO office alleging claims of hostile work environment, race and national origin discrimination and reprisal for having engaged in prior EEO activity.

19. Following an investigation of Corporal Vega's EEO Complaint, the Defendant Agency's EEO Officer issued its Investigative file on September 12, 2007.

Corporal Vega then requested a final Agency decision on October 26, 2007.

20. On December 12, 2007, Corporal Vega received a copy of the Defendant Agency's final decision dismissing his formal complaint. Corporal Vega now files this civil complaint within 90 days of receipt of the Agency's decision pursuant to 29 C.F.R. § 1614.408(b).

## VII. STATEMENT OF FACTS

### A. Background to Claims, Prior EEO Activity and Facts in Present Complaint

21. The central basis of Corporal Vega's Complaint is that he suffered from an extreme hostile work environment as a result of cruel and unnecessary actions taken by his managers, in violation of Title VII, which led to significant depression, causing him to require intensive ongoing therapy and medical treatment.

22. On June 8, 2006, Corporal Vega applied for the position of General Investigator, pursuant to job announcement 2006-043-RYM, but was denied the promotion due to impermissible grounds based upon race, national origin, and retaliation.

23. For purposes of background, between February 12, 2002, and June 8, 2006, Corporal Vega applied for and was denied promotions to at least eleven positions on account of his race and national origin, while other, less experienced officers of non-Hispanic descent were given the promotions. This background is related to Corporal Vega's prior EEO activity, which despite assertions to the contrary by his supervisors, was well known by Corporal Vega's managers.

24. On September 17, 2004, Corporal Vega received an e-mail from Commander Cooch which discussed the training of employees, and which inferred that law enforcement officers within the Agency, a majority minority police force, could be

5

trained as "monkeys," subjected to torture, in order to train them.

25. Commander Cooch's statement was so offensive that he was forced to respond and issued a memorandum on January 14, 2005, in a belated attempt to explain the meaning of the e-mail and regretting that certain individuals allegedly "inaccurately interpreted the e-mail."

26. On Friday, June 2, 2006, Corporal Vega received an e-mail from Commander Cooch which included derogatory comments about those of Mexican descent and illegal immigrants, which generally cast a discriminatory and abusive tone towards members of the Hispanic community.

27. On Thursday, April 5, 2007, Corporal Vega was at work, in the break room at the Agency, discussing a story about an incident happening some years ago to a next door neighbor in Puerto Rico.

28. After Corporal Vega finished telling his story to his supervisors, Sergeant Fields made the following statement: "This couldn't have happened in America, and you are not American, you are Mexican."

29. In response, Corporal Vega asked Sergeant Fields the following: "What did you just say?" And asked Sergeant Plumacher, "Did you hear that?" Sergeant Plumacher replied: "Yes, Mexicans are not Americans."

30. Sergeant Fields continued berating those of similar descent and origin, saying, "Yes, you are not American, you are Mexican, where are you from? Puerto Rico? I thought you were Mexican." Sergeant Fields then acted as if he was confused as to the country from which Corporal Vega had originally immigrated, even though he was clearly aware that Corporal Vega had grown up in Puerto Rico. After five minutes

6

Sergeant Fields came back to Corporal Vega and said, "Vega, I guess you are a little bit sensitive today."

31. On February 27, 2007, Sergeant Loving came to the post where Corporal Vega was on duty at the BEP that day with Corporal Walker, and told Corporal Vega that, "Vega, if I were you, I would call this lady you arrested and ask her for a statement saying the way she was treated during the arrest, because from what I'm hearing, they are trying to twist things around against you."

32. Corporal Vega understood Sergeant Loving to be warning him that his supervisors were planning to initiate some sort of pre-textual disciplinary action against him, in connection with a recent arrest he made at work - despite the fact that he had followed the Agency's BEP Police policy and procedure to the letter.

33. On April 18, 2007, Commander Cooch refused to cooperate with the EEO Counselor responsible for handling Corporal Vega's initial complaint regarding discrimination and the hostile work environment at the Agency. Commander Cooch simply refused to participate in any attempt to resolve the issue and stated that he did not wish to discuss anything else regarding the complaint.

34. During December, 2007, Corporal Vega was then subjected to an ongoing hostile environment at work and discrimination on the part of Defendant Agency management officials in regards to his light duty status. Corporal Vega was also harassed in person, while on duty, and by telephone regarding medical documentation sought by management to support his light duty status, which was required as a result of the illness he began to suffer from as a result of the hostile work environment.

35. Corporal Vega believes the unlawful actions of management were the

direct result of his race, national origin and prior EEO activity.

36. In addition to the specific, illustrative instances of discrimination described above in paragraphs 21 - 36, Corporal Vega cites to the background information that he provided to EEO investigator Linda Spraglin during the EEO investigation.

37. As described to EEO investigator Spraglin, the Agency's BEP Police management has tolerated and fostered a hostile environment toward officers of color and Hispanic origin for some time.

38. The Agency has condoned an atmosphere where Corporal Vega has often been referred to numerous times by manages as a "Mexican" despite the fact that he is not from Mexico and is an American citizen from Puerto Rico.

39. Supervisory and management officials have mocked what they have perceived to be Corporal Vega's Puerto Rican accent on numerous occasions during roll call meetings, while on duty, causing substantial embarrassment and distress for Corporal Vega.

40. As described in this Complaint, Corporal Vega has been the victim of racial taunting and offensive attempts at humor based on his ethnic background. He also has been denied, and continues to be denied, promotion on this basis and because of retaliation based upon his prior EEO activity. The striking recent examples of discrimination described above have made it clear to Corporal Vega that his rights under Title VII and other EEO protections were being violated, and he contacted the EEO Office.

41. Corporal Vega was denied promotion to General Investigator, 2006-043-

8

RYM, on June 8, 2006, due to his race and national origin.

42. Corporal Vega had also previously applied for positions of Supervisory Police Officer in March and December 2005, General Investigator in May 2003, July 2003, March 2004, May 2005, June 2006, and Physical Security Specialist in February 2002 and March 2003, and Security Specialist in October 2003. Corporal Vega has been denied all of these promotions while other, less experienced, non-Hispanic officers have been promoted to the positions.

43. In addition to the recent harms suffered by Corporal Vega as set forth in paragraphs 1-42 above, Corporal Vega engaged in prior EEO activity initiated on behalf of a number of police officers at the Defendant Agency in relation to earlier discriminatory conduct.

44. In his prior EEO activity, Corporal Vega became a named plaintiff in the earlier EEO complaint entitled Gregory Davis v. Paulson, alleging discrimination by a significant number of minority law enforcement officers within the Agency, apparently initiated in or about 2006 by other counsel and incorporated within the EEO Investigative File, between pages 87 and 142.

45. As a result of the ongoing hostile work environment, discrimination and retaliation suffered while at work, Corporal Vega's health was seriously affected and he suffered from an extremely serious bout of mental depression, requiring rigorous medical treatment to this day.

46. Having been subjected to frequent ridicule by his supervisors as a result of their taunts in violation of Title VII, Corporal Vega depression worsened, and he is presently in light duty status at the Agency as a result.

47.     Even his transfer to light duty has required additional humiliation, where Corporal Vega has been required to submit his request for light duty status on a monthly basis, which his supervisors have used to further engage in a course of intimidation. For example, Corporal Vega was forced to wait 5 and 1/2 hours for Commander Cooch, while sitting next to his office, for him to approve his light duty status for the month.

## CAUSES OF ACTION

## COUNT I

**VIOLATION OF 42 U.S.C. §§ 2000e, *et seq.***

**HOSTILE WORK ENVIRONMENT, IN VIOLATION OF TITLE VII**

48.     Corporal Vega re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

49.     Title VII of the Civil Rights Act prohibits employers from discriminating against its employees on the basis of race. This prohibition includes such actions based on race and national origin and those creating a hostile work environment.

50.     Defendant Agency and/or its agents or employees acting on its behalf, subjected Corporal Vega to discrimination, reprisal and a hostile work environment, in violation of Title VII, 42 U.S.C. §2000e-2.

51.     Defendant Agency knew or should have known of the hostile work environment Corporal Vega suffered from and taken action to cease such unlawful conduct.

52.     Defendant Agency's conduct has been intentional, deliberate and willful and Defendant has acted in callous disregard of Corporal Vega's rights.

10

53. These acts and practices violate Title VII as well as the statutory provisions and regulations that specifically apply to the federal government as an employer.

54. As a direct and proximate cause of the actions set forth above and as a result of the hostile work environment, Corporal Vega has suffered and continues to supper damages including pain, embarrassment, mental anguish and humiliation. Corporal Vega has also been made to incur medical expenses, attorney fees and the loss of promotional opportunities as a direct result of Defendant's actions.

## COUNT II

### DISCRIMINATION BASED ON NATIONAL ORIGIN & RACE

55. Title VII prohibits employers from discriminating against its employees on the basis of national origin and race in regards to terms and other conditions of employment.

56. Defendant Agency and/or agents or employees acting on its behalf, subjected Corporal Vega to discrimination on the basis of his race and national origin.

57. Defendant Agency's conduct has been intentional, deliberate and willful and Defendant has acted in callous disregard of Corporal Vega's rights.

58. Defendant Agency and its supervisors knew or should have known of the unlawful discrimination Corporal Vega suffered while at work.

59. As a direct and proximate cause of the Defendant's actions and as a result of the unlawful discrimination, Plaintiff has suffered a loss of promotional opportunities and other employment benefits as well as pain, embarrassment, mental anguish and humiliation. Plaintiff has also been made to incur medical expenses and attorney fees as a

direct result of Defendant's actions.

## COUNT III

## RETALIATION FOR PARTICIPATION IN EQUAL OPPORTUNITY ACTIVITY IN VIOLATION OF TITLE VII

60. Plaintiff engaged in statutorily protected EEO activities as set forth in paragraphs 1 through 59, above.

61. Defendant's managers were aware that Corporal Vega engaged in statutorily protected EEO activities prior to the Complaint that is filed today, and engaged in retaliatory behavior towards him as a result.

62. The activities described in this Complaint were instituted in violation of the prohibition on reprisals against employees that have engaged in statutorily protected EEO activities.

63. Defendant Agency's management officials, as described above, have retaliated against Corporal Vega for engaging in statutorily protected EEO activities in violation of Title VII, as amended, 42 U.S.C. § 2000e, *et seq*.

64. There is a direct and proximate nexus between Corporal Vega's participation in the EEO process in statutorily protected activities and the Defendant's unlawful treatment of him through it's managers.

65. The effect of the retaliatory employment practices and actions taken by Defendant, as set forth above, has been to deprive Corporal Vega of promotional opportunities, benefits and privileges, and otherwise adversely affect and alter the terms and conditions of employment for Corporal Vega.

66. As a direct and proximate cause of the actions set forth above, Corporal Vega has suffered and continues to suffer damages, including, but not limited to, pain, suffering, attorney fees and other damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Corporal Vega respectfully prays that this Court order the following remedial action:

67. Issue a declaratory judgment that the acts and practices of Defendant and it's managers complained of herein have violated the civil rights of Corporal Vega;

68. Order Defendant Agency to promote Corporal Vega to the position of General Investigator, with all the benefits, adjustments in salary, interest and other losses associated with that position as provided in vacancy announcement 2006-043-RYM;

69. Order Defendant Agency to award Corporal Vega compensatory damages in the amount of $300,000 for the harm he has suffered as a result of Defendant's unlawful actions in violation of the rights secured by Title VII of the Civil Rights Act of 1964;

70. Order Defendant Agency to award Corporal Vega punitive damages as deemed proper and just for the harm he has suffered as a result of Defendant's unlawful actions;

71. Order Defendant to pay Corporal Vega's reasonable attorneys' fees and litigation expenses incurred in this matter;

72. Order Defendant to pay Corporal Vega's medical expenses incurred as a result of the Agency's unlawful actions; and

73. Order such additional relief as the Court deems proper and just.

Respectfully submitted

*[signature]*

John V. Berry, D.C. Bar No. 460534
**LAW FIRM OF JOHN BERRY, PLLC**
1990 M Street, N.W. Suite 610
Washington, D.C. 20036
Telephone: (202) 955-1100
Facsimile: (202) 955-1101
jberry@worklaws.com

*Attorney for Plaintiff*

Dated: March 10, 2008

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Hiram Vega

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John Berry, Esq.
Law Firm of John Berry, PLLC
1990 M. Street, N.W., Ste. 610
Washington, DC 20036

## DEFENDANTS

Henry M. Paulson, Jr., Secretary
United States Department of the Treasury

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|  |  |  |  |
|---|---|---|---|
| ○ **G. *Habeas Corpus/ 2255*** <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ⊙ **H. *Employment Discrimination*** <br> ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br> *(If pro se, select this deck)* | ○ **I. *FOIA/PRIVACY ACT*** <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br> *(If pro se, select this deck)* | ○ **J. *Student Loan*** <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ **K. *Labor/ERISA (non-employment)*** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ○ **L. *Other Civil Rights (non-employment)*** <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ○ **M. *Contract*** <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ○ **N. *Three-Judge Court*** <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq., alleging discrimination and hostile work environment.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** 300,000    Check YES only if demanded in complaint    **JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

**DATE** 3/10/2008    **SIGNATURE OF ATTORNEY OF RECORD** *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

    VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.